**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**


**JOHN B. RAGLAND,**

                    **Plaintiff,**

**v.**                                          **ACTION NO. 2:06cv199**

**DART CONTAINER CORPORATION,**

**DART TRUCKING COMPANY, INC.,**

**SYSCO FOOD SERVICES OF HAMPTON**
**ROADS, INC.,**

**RICHARD G. BIRELEY,**

**and**

**RONALD HUTCHINSON,**

                    **Defendants.**


<u>**OPINION AND REMAND ORDER**</u>

        This matter comes before the court on plaintiff's Motion to
Remand.  For the reasons stated below, plaintiff's Motion to Remand
is **GRANTED.**

<u>**I. Factual and Procedural History**</u>

        On or about June 26, 2003, plaintiff John B. Ragland
("Ragland"), a delivery truck driver for Roadway Express, attempted
to deliver a load of goods to defendant Sysco Food Services of
Hampton Roads, Inc.'s ("Sysco") distribution center, located in

Suffolk, Virginia.  See Mot. J. at ¶¶ 11-13.[1]  Before unloading his goods, Ragland stood on the loading dock at the distribution center, which was a noisy area, and spoke or attempted to speak to defendant Ronald Hutchinson,[2] a Sysco employee, who was also standing on the loading dock at that time.  See id. at ¶¶ 10, 13-16.  As Ragland was speaking or attempting to speak to Hutchinson, defendant Richard G. Bireley ("Bireley"), an employee of either defendant Dart Container Corp. or defendant Dart Trucking Co., Inc., was backing his truck toward Ragland and the loading dock.  Id. at ¶¶ 8, 17.  While Ragland was facing Hutchinson and away from the truck being driven by Bireley, Bireley's truck hit Ragland, causing him severe injuries.  Id. at ¶¶ 17-18, 22.  Hutchinson saw Ragland, and he saw the truck being driven by Bireley approach Ragland from behind, yet Hutchinson did not warn Ragland of the approaching truck or attempt to prevent the truck from striking him.  Id. at ¶¶ 19, 21.

_____

[1] The facts as stated are those alleged by Ragland.  As discussed in more detail herein, a district court considering a claim of fraudulent joinder must accept the plaintiff's factual allegations as true and resolve all questions of fact in the plaintiff's favor.  See Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (stating that the fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure).

[2] The court notes that the name "Hutchinson" is sometimes spelled "Hutchisson" in defendants' pleadings.  To avoid confusion, the "Hutchinson" spelling will be used in this Opinion and Remand Order, as "Hutchinson" is the spelling used in the caption to both Ragland's Motion for Judgment and defendants' Notice of Removal.

On June 23, 2005, Ragland, a citizen of Virginia, filed a

Motion for Judgment in the Circuit Court of the City of Portsmouth,

Virginia, alleging four counts of common law negligence against

Sysco, a Delaware corporation with its principal place of business

in Virginia; Hutchinson, a citizen of Virginia; Bireley, a citizen

of Pennsylvania; Dart Container Corp., a Michigan corporation; and

Dart Trucking Co., Inc., an Ohio corporation.  See id. at ¶¶ 1-5,

7, 9.   By his Motion for Judgment, Ragland seeks to recover

$1,500,000 exclusive of interest and costs, from each defendant,

jointly and severally.

On April 7, 2006, defendants Dart Container Corp. and Bireley

filed a Notice of Removal in this court, to which all the

defendants joined.[3]  In their removal notice, defendants contend

_____

[3] Although defendants' removal notice was filed several months
after Ragland filed his Motion for Judgment in the Circuit Court of
the City of Portsmouth, Ragland does not challenge the timeliness
of the removal notice, which must be filed within thirty (30) days
after the defendant receives service of a copy of the initial
pleading.  See 28 U.S.C. § 1446(b) (1994 & West Supp. 2006).  The
attachments to defendants' Notice of Removal reveal that service of
the Motion for Judgment was made on Sysco and Hutchinson on or
about July 18, 2005.  See Notice Removal, Attachs. (Demurrer filed
by Sysco and Hutchinson in the Circuit Court of the City of
Portsmouth).  Whereas, service of the Motion for Judgment was not
made on the Secretary of the Commonwealth ("Secretary"), as
statutory agent for service of process on Dart Container Corp., a
Michigan corporation, until February 23, 2006.  See Notice Removal,
Attachs. (Affidavit for Service of Process on the Secretary of the
Commonwealth).  The Secretary certified to the Circuit Court of the
City of Portsmouth that it mailed a copy of Ragland's Motion for
Judgment to Dart Container Corp. on March 13, 2006.  See Notice
Removal, Attachs. (Affidavit for Service of Process on the
Secretary of the Commonwealth); see also Va. Code Ann. § 8.01-329
(2001) (providing procedure for Secretary's transmission of an

that the court may assume diversity jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between plaintiff Ragland, a citizen of Virginia, and defendants Dart Container Corp., a Michigan corporation, and Bireley, a citizen of Pennsylvania, who are the only properly named defendants.[4]   According to defendants, the citizenship of nondiverse defendants Sysco and Hutchinson may be disregarded for jurisdictional purposes because Sysco and Hutchinson have been fraudulently joined in this action.

On May 5, 2006, Ragland filed a Motion to Remand the action to the Circuit Court of the City of Portsmouth for lack of diversity jurisdiction, arguing that defendants cannot establish that nondiverse defendants Sysco and Hutchinson were fraudulently joined.   Defendants Sysco and Hutchinson filed a response in opposition to Ragland's Motion to Remand on May 15, 2006, to which

---

initial pleading to the foreign corporation to be served). Therefore, the Notice of Removal filed by Dart Container Corp. on April 7, 2006, to which all then-served defendants joined, was filed within thirty days of Dart Container Corp.'s receipt of the Motion for Judgment.

[4] A civil action brought in state court may be removed to a federal district court only if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a) (1994 & West Supp. 2006).  A district court has original jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship of the parties.  28 U.S.C. § 1332(a)(1) (1993 & West Supp. 1993).

Ragland replied on May 19, 2006.  On May 19, 2006, Dart Container Corp. and Bireley filed a response in opposition to Ragland's Motion to Remand, to which Ragland replied on May 24, 2006.  The parties agree that if either or both nondiverse defendants Sysco and Hutchinson are not fraudulently joined, then the presence of one or both of them in the action precludes this court's diversity jurisdiction, requiring remand of the action to state court.  Since the fraudulent joinder of Sysco and Hutchinson is the sole matter at issue in Ragland's Motion to Remand, and this issue has been adequately briefed by both parties, hearing is not necessary to the court's determination of the motion.

## II. Analysis

The doctrine of fraudulent joinder permits a district court to assume diversity jurisdiction over an action removed from state court, even if there is a nondiverse defendant at the time of removal, provided that the removing party establishes that the nondiverse defendant has been "fraudulently joined." See Mayes v. Rapoport, 198 F.3d 457, 461 & n.8 (4th Cir. 1999) (explaining that the term "fraudulent joinder" is somewhat misleading in that the doctrine requires neither a showing of fraud nor joinder).  In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).[5]
"The burden on the defendant claiming fraudulent joinder is heavy:
the defendant must show that the plaintiff cannot establish a claim
against the nondiverse defendant even after resolving all issues of
fact and law in the plaintiff's favor."   Id. at 232-33.   "This
standard is even more favorable to the plaintiff than the standard
for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."
Hartley v. CSX Transp., Inc., 137 F.3d 422, 424 (4th Cir. 1999);
see also Mayes, 198 F.3d at 464.   Therefore, if a district court
cannot say with certainty that the plaintiff has no chance of
establishing the facts necessary to support his claim against the
nondiverse defendant, and cannot say with certainty that the state
court would find plaintiff's claim against the nondiverse defendant
barred, then the district court should accept the parties as joined
on the face of the plaintiff's complaint and remand the action for
lack of diversity jurisdiction.   See Hartley, 137 F.3d at 424-26
(declaring that "a jurisdictional inquiry is not the appropriate
stage of litigation to resolve these various uncertain questions of
law and fact," and a district court errs by "delving too far into

---

[5] The removing party may also establish fraudulent joinder by
establishing that "there has been outright fraud in the plaintiff's
pleading of jurisdictional facts."   Marshall v. Manville Sales
Corp., 6 F.3d 229, 232 (4th Cir. 1993).   Here, defendants do not
assert "outright fraud;" rather, they argue that the citizenship of
both Sysco and Hutchinson should be disregarded because there is no
possibility that Ragland can state a negligence claim against
either of them.

the merits" in deciding a claim of fraudulent joinder).

In regard to defendant Sysco, Ragland alleges in his Motion for Judgment that Sysco was negligent in failing to exercise reasonable care for Ragland's safety in the operation of its loading dock, and in failing to warn Ragland of the dangerous condition thereof.  See Mot. J. at ¶¶ 23-26.  In support of their claim that Sysco has been fraudulently joined in this action, defendants argue that there is no possibility that Ragland can establish a negligence cause of action against Sysco because such an action is barred by the exclusivity provision of the Virginia Workers' Compensation Act, and because a truck backing toward Ragland from behind him on a noisy loading dock is an open and obvious danger.  Defendants arguments are addressed in turn.

## A.   Virginia Workers' Compensation Act

Defendants contend that a negligence cause of action against Sysco is barred by the exclusivity provision of the Virginia Workers' Compensation Act, because Ragland was Sysco's "statutory employee" at the time of his injury, such that Ragland's sole remedy lies in worker's compensation.  The remedies provided in the Virginia Workers' Compensation Act, Va. Code Ann. §§ 65.2-100 et seq., are exclusive of all other remedies for employees who fall within the scope of the Act.  Va. Code Ann. § 65.2-307(A) (2002); Feitig v. Chalkley, 38 S.E.2d 73, 73-74 (Va. 1946).  The Act bars a negligence action against a party, who is not a plaintiff's

employer, if that party is deemed to be a "statutory employer" of the plaintiff.  See Va. Code Ann. § 65.2-302(A); Burch v. Hechinger Co., 563 S.E.2d 745, 747 (Va. 2002).  "The issue whether a particular person or entity is the statutory employer of an injured employee is a jurisdictional matter presenting a mixed question of law and fact that must be determined under the facts of each case." Bosley v. Shepherd, 554 S.E.2d 77, 81 (Va. 2001).  "If the facts establish that an individual performs activities that are normally performed by a person's employees rather than by independent contractors, then that individual is properly considered that person's statutory employee for purposes of the Act."  Burch, 563 S.E.2d at 747 (citing Shell Oil Co. v. Leftwich, 187 S.E.2d 162, 167 (Va. 1972)).

Neither Conlin v. Turner's Express, Inc., 331 S.E.2d 453 (Va. 1985), nor Floyd v. Mitchell, 123 S.E.2d 369 (Va. 1962), the Virginia Supreme Court cases cited by defendants, establish that an employee of a trucking company, who is injured before unloading his goods at a distribution center or warehouse, is necessarily the statutory employee of the owner of the distribution center or warehouse.  Both Conlin and Floyd hold that an employee of a manufacturer, who is injured while loading goods onto a trucking company's trailer, cannot bring a negligence action against the trucking company when the trucking company is engaged in either the transportation of parts between the manufacturer's plants or the

transportation of the manufacturer's completed product to the manufacturer's customers.  See Conlin, 331 S.E.2d at 454-56 (holding that an employee of a manufacturer, who was injured while loading the manufacturer's parts onto a trucking company's trailer, cannot maintain a negligence action against the trucking company, because the trucking company was engaged in the transportation of parts between the manufacturer's plants, which was an essential element of the manufacturer's business); Floyd, 123 S.E.2d at 369-72 (holding that an employee of a pipe manufacturer, who was injured while loading pipes into a trucking company's trailer, cannot maintain a negligence action against the trucking company, because the trucking company contracted with the manufacturer to deliver pipes to the manufacturer's customers, and delivery of pipes to its customers is a necessary part of the manufacturer's business).  The Fourth Circuit observed some years ago that "[t]he Virginia Supreme Court has not been called upon to decide whether a truck driver is the statutory employee of a warehouse owner when he unloads goods at the facility," Hayden v. Kroger Co., 17 F.3d 74, 76 (4th Cir. 1994), and defendants have presented no such case in support of their claim that a negligence action against Sysco is barred by the Workers' Compensation Act.

Furthermore, a review of Virginia case law reveals that whether a deliverer of goods to an entity is a statutory employee of that entity is dependent on various facts, including whether the

9

deliverer had completed delivery and engaged in tasks beyond delivery when the injury occurred. See Burch, 563 S.E.2d at 747-48 (discussing several Virginia Supreme Court cases that have considered "the point at which an individual delivering products has completed the task of delivery, and beyond which point, engaging in further activities constitutes performing the work of another entity's trade, business or occupation," and holding that plaintiff, an employee of a flower wholesaler, was a statutory employee of a flower shop, because by assisting in the arrangement of flowers after they were unloaded from the wholesaler's trailer, plaintiff engaged in work normally performed by the shop's employees); Bosley, 554 S.E.2d at 81-82 (discussing Virginia cases holding that "a subcontractor's employee who merely delivers materials to a job site is not engaged in the trade, business, or occupation of the general contractor" and holding that plaintiff, an employee of a sheetrock supplier, who was using a crane on a construction site to deliver sheetrock to the site, was not a statutory employee of the site's general contractor, because plaintiff did not perform any task beyond delivery).

Importantly, Ragland does not allege that he was loading or unloading goods or had completed the act of delivery at the time of his injury. See supra at 1-2 (summarizing Ragland's allegations). Resolving all questions of fact and law in Ragland's favor, this court cannot say with certainty that Ragland's negligence claim

10

against Sysco is barred by the exclusivity provision of the Virginia Workers' Compensation Act.

## B.    Open and Obvious Danger

Defendants next contend there is no possibility that Ragland can establish a negligence cause of action against Sysco because a truck backing toward Ragland from behind him on a noisy loading dock is an open and obvious condition, and Ragland's failure to avoid this open and obvious condition renders him contributorily negligent.  Under Virginia law, a business owner owes its invitees a duty to exercise reasonable care toward them when they enter the premises.  See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990); Atlantic Rural Exposition, Inc. v. Fagan, 77 S.E.2d 368, 373 (Va. 1953).  The owner must maintain its premises in a reasonably safe condition, and must warn an invitee of any unsafe condition that is unknown to the invitee, but that is, or should be, known to the owner, unless the unsafe condition is "open and obvious."  See Winn-Dixie Stores, Inc., 396 S.E.2d at 650; City of Suffolk v. Hewitt, 307 S.E.2d 444, 447 (Va. 1983); Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962).  Failing to avoid open and obvious dangers may render the invitee contributorily negligent.  See Scott v. City of Lynchburg, 399 S.E.2d 809, 810 (Va. 1991).  Usually, both contributory negligence and the open and obvious nature of the danger are jury questions.  See O'Brien v. Everfast, Inc., 491 S.E.2d 712, 715 (Va. 1997); Scott, 399 S.E.2d

at 810; <u>Artrip v. E.E. Berry Equip. Co.</u>, 397 S.E.2d 821, 823 (Va. 1990); <u>Shiflett v. M. Timberlake, Inc.</u>, 137 S.E.2d 906, 912 (Va. 1964).

Neither <u>Scott v. City of Lynchburg</u>, 399 S.E.2d 809 (Va. 1991), nor <u>West v. City of Portsmouth</u>, 232 S.E.2d 763 (Va. 1977), the Virginia Supreme Court cases relied upon by defendants, establish that a truck backing toward Ragland from behind him on a noisy loading dock is an open and obvious condition, as a matter of law. Both <u>Scott</u> and <u>West</u> involve stationary conditions, which the plaintiff had either observed on prior occasions or which could have been detected by anyone who was observant.  <u>See</u> <u>Scott</u>, 399 S.E.2d at 811 (holding that plaintiff was contributorily negligent as a matter of law for falling off a curb that plaintiff had known of for many years, observed numerous times, and stepped off of before); <u>West</u>, 232 S.E.2d at 766 (holding that irregularity in the surface of a sidewalk was an open and obvious condition where plaintiff was thoroughly familiar with the sidewalk, and the irregularity was in clear view and could have been detected by anyone who was observant).

A review of other Virginia case law reveals a possibility that a Virginia court or jury could find that a moving truck on a loading dock, which Ragland did not observe or hear coming toward him, was not an open and obvious danger.  <u>See</u> <u>Clark v. Chapman</u>, 385 S.E.2d 885, 892-93 (Va. 1989) (affirming jury verdict in favor of

12

grocery store customer who brought negligence action against store and store employee to  recover for injuries she suffered when the employee pushed a loaded produce cart into her, finding that the moving produce cart, which plaintiff did not observe or hear coming toward her, did not pose an open and obvious danger); see also Miracle Mart, Inc. v. Webb, 137 S.E.2d 887, 890 (Va. 1964) (affirming holding that evidence raised a jury question whether store breached duty to warn customer of foreign substance on store floor where customer's view of the floor where the substance was located was completely obstructed, making it impossible for her to see the substance).  Therefore, it cannot be said with certainty that Ragland cannot establish the facts necessary to support his claim that Sysco was negligent for failing to exercise reasonable care for his safety.

Resolving all issues of fact and law in Ragland's favor, defendants have not carried their heavy burden of showing that Sysco has been fraudulently joined.  See Hartley, 187 F.3d at 425 (stating that a district court should "accept the parties joined on the face of the complaint unless joinder is clearly improper").  Since Sysco, a nondiverse defendant, has not been fraudulently joined, Sysco's presence in this action precludes this court's diversity jurisdiction, and the action must be remanded to state

13

court.[6]

### III. Conclusion

For the reasons stated above, the court **REMANDS** plaintiff's case to the Circuit Court of the City of Portsmouth, Virginia, for all further proceedings.[7]  The Clerk is **DIRECTED** to forward a copy of this Opinion and Remand Order to counsel for plaintiff and defendants, and to the Circuit Court of the City of Portsmouth. Further, the Clerk shall take the necessary steps to effect the remand to state court.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

July 24, 2006

---

[6] Since Sysco has not been fraudulently joined, Sysco's presence in the action alone precludes this court's diversity jurisdiction. Therefore, defendants' arguments that Ragland cannot establish a negligence claim against Hutchinson will not be addressed.

[7] Accordingly, this court does not have jurisdiction to consider Sysco and Hutchinson's motions to dismiss, filed on April 28, 2006, or Dart Container Corp. and Bireley's motions to dismiss, filed on May 19, 2006.  These motions may be renewed, as appropriate, in state court.